IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17–CV–00020–BR

| | |
|---|---|
| JOSEPH LEE CARAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF ELIZABETH CITY, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on defendant City of Elizabeth City ("the City") and the individual defendants' (collectively "defendants") motion for relief and reconsideration. (DE # 68.) Joseph Lee Caraway ("plaintiff") responded in opposition. (DE # 73.) Defendants filed a reply. (DE # 74.) The matter is now ripe for adjudication.

Defendants move the court to reconsider its 30 November 2018 order granting in part and denying in part defendants' motion for summary judgment. Specifically, defendants "request that the Court grant relief pursuant to [Federal Rule of Civil Procedure 60(b)] from the final judgment denying qualified immunity as a matter of law and reconsider pursuant to [Federal Rule of Civil Procedure 54(b)] its interlocutory [o]rder denying summary judgment." (Defs.' Mot. Recons., DE # 68, at 2.) Defendants challenge the court's analysis of the parties' cross–motions for summary judgment on plaintiff's claims, including the denial of Lieutenant Jamie LaCombe ("LaCombe") and Officer Cathy Hewitt's ("Hewitt") entitlement to qualified immunity. In response, plaintiff disputes the standard of review defendants contend the court

should apply in resolving the motion and contend the court did not commit clear error to the extent it denied defendants' motion for summary judgment.

The court first determines the appropriate standard of review. In its 30 November 2018 order, in response to the two arguments advanced by defendants on the issue of qualified immunity, (see Defs.' Mem. Supp. Summ. J., DE # 42, 8–10), the court found that "because probable cause or its absence is an evidentiary issue in this case . . . [the] claim for retaliatory arrest is not defeated" and that "LaCombe and Hewitt took personal action leading to plaintiff's arrest," (see DE # 64, at 20, 21). As for defendants' argument regarding probable cause, because the court found a "genuine dispute of material fact as to whether the City enforced a policy banning all amplification at the Festival[,]" (id. at 18), and a genuine issue of material fact as to "the application of and scope of the Policy, which is necessary to understanding if the Policy was applied to plaintiff," (id. at 16), it was unable to conclude that there was probable cause to arrest plaintiff for either a violation of the City's Noise Ordinance, or LaCombe and Hewitt's alleged attempt "to get [p]laintiff to comply with the noise ordinance by turning off his amplification," (Defs.' Mem. Supp. Summ. J., DE # 42, 9). The court's denial of defendants' motion for summary judgment on the basis of qualified immunity defense because of a genuine issue of a material fact is an interlocutory order. See Johnson v. Jones, 515 U.S. 304, 313, 319–20 (1995) (declining to find a district court's denial of summary judgment based on a pretrial record on the issue of qualified immunity final for a determination of appealability); Pegg v. Herrnberger, 845 F.3d 112, 117 (4th Cir. 2017) ("[W]e have jurisdiction to consider purely legal questions, but not over the district court's determination that the summary judgment record in this case raised a genuine issue of fact because that is not a final decision for purposes of 28 U.S.C. § 1291.") (internal quotation marks and citation omitted).

> Interlocutory orders are subject to Rule 54(b),
>
>> any order. . . however designated, that adjudicates fewer than all the claims. . . of fewer than all the parties does not end the action. . . and may be revised at any time before the entry of a judgment adjudicating all the claims.

Fed. R. Civ. P. 54(b). Courts, however, do not possess unlimited discretion in this regard. See Carlson v. Bos. Sci. Corp., 856 F.3d 320, 326 (4th Cir. 2017) (finding denial proper when a motion for reconsideration is "merely a vessel for the very evidence that was initially lacking in opposition to summary judgment"); Allen v. Anderson, No. 5:13–CT–3238–FL, 2018 WL 1542232, at *3 (E.D.N.C. Mar. 29, 2018), aff'd, 736 F. App'x 416 (4th Cir. 2018). Rather, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citations omitted).

None of these factors are present here. Instead, defendants' motion relies on new evidentiary authorities, (see Def.s' Mem. Supp., DE # 69, at 11, 13 & n.4 (a page of LaCombe's deposition testimony and a 10 December 2018 declaration)), additional legal arguments based upon newly cited legal authorities, and new factual arguments based upon these legal authorities. These are not proper grounds for the district court to consider when determining whether to reconsider a denial of summary judgment for a genuine issue of material fact. See Carlson, 856 F.3d at 324–25 ("The Federal Rules of Civil Procedure require parties to cite all evidence in support of their positions at summary judgment. . . The responsibility to comb through the record in search of facts relevant to summary judgment falls on the parties—not the court.").

For the aforementioned reasons, the court DENIES defendants' motion for reconsideration. A jury trial is SET for 23 September 2019.

This 15 March 2019.

_____
W. Earl Britt
Senior U.S. District Judge