IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:17–CV–0020–BR

| | |
|---|---|
| JOSEPH LEE CARAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF ELIZABETH CITY, NORTH ) | |
| CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on City of Elizabeth City and the individual defendants' (collectively "defendants") motion for attorney's fees. (DE # 96.) Joseph Lee Caraway ("plaintiff") filed a response in opposition. (DE # 105.) Thereafter, defendants filed a reply. (DE # 107.) The motion has been fully briefed and is ripe for disposition.

On 11 May 2017, plaintiff filed a complaint against defendants pursuant to 42 U.S.C. § 1983 for violating his constitutional rights, specifically the First Amendment's Freedom of Speech and Free Exercise clauses. (Compl., DE # 1, at 17–30.) On 20 July 2018, plaintiff moved for partial summary judgment. (DE # 35.) That same day, defendants moved for summary judgment on all of plaintiff's claims. (DE # 39.) On 30 November 2018, this court granted in part defendants' motion for summary judgment, dismissing four of plaintiff's eight claims. (DE # 64.) On 26 December 2018, defendants filed a motion for reconsideration, requesting the court dismiss plaintiff's remaining claims. (DE # 68.) This court denied that motion. (DE # 75.)

The matter went to trial on 30 September 2019. On 1 October 2019, after plaintiff rested his case, defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil

Procedure 50(a) on plaintiff's remaining claims. This court granted the motion. Thereafter, defendants filed this motion seeking attorney's fees as the prevailing party to a § 1983 civil rights action pursuant to 42 U.S.C. § 1988. (DE # 96.)

"When the prevailing party is the defendant, [] attorneys fees should be awarded if the court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999) (internal citation and quotation marks omitted); see also Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978) (finding it "important that a district court resist the understandable temptation to engage in *post hoc* reasoning" because "[d]ecisive facts may not emerge until discovery or trial"). "[T]he fact that a plaintiff's case is dismissed prior to trial is not a sufficient basis for an award of fees." Vester v. Murray, No. 88–7564, 1989 WL 68870, at *1 (4th Cir. Sept. 27, 1989) (table) (internal citation omitted). "In a suit . . . involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all." Fox v. Vice, 563 U.S. 826, 840–41 (2011).

> That is, a defendant can receive only the portion of his fees that he would not have paid but for the frivolous claim. Expenses that the defendant would have incurred even in the absence of the frivolous claims may not be recovered, but any incremental harm attributable to the presence of frivolous claims in the lawsuit is recoverable. In making this causal determination, this court need not achieve auditing perfection. Instead, [t]he essential goal in shifting fees (to either party) is to do rough justice. . . .

NEXUS Servs., Inc. v. Moran, No. 5:16–CV–00035, 2018 WL 1461750, at *16 (W.D. Va. Mar. 23, 2018) (internal quotation marks and citation omitted), aff'd, 750 F. App'x 241 (4th Cir. 2019).

The parties dispute the validity of each of plaintiff's eight claims. (Compare Mem. Supp. Mot. Att'ys Fees, DE #97, at 7–12 and Reply, DE # 107, at 3–11, with Resp. Opp'n, DE # 105, at 4-8.) The court granted summary judgment as to four of plaintiff's claims, that is plaintiff's facial challenge to the Special Event Policy (the "Policy") and Waterfront Park Ordinance (the "Ordinance") based upon the Free Speech and Free Exercise clauses. (Order, DE # 64, at 23–24.) In granting that motion for summary judgment, the court found neither the Policy nor the Ordinance actually regulated speech or religion. (Id. at 7–14.) In fact, the Policy specifically declines to regulate an individual's right to speak subject to some type of prior government approval, such as a licensing scheme, and instead refers to a separate local ordinance, the Noise Ordinance, which is a licensing scheme that governs speech regulation. (Id. at 11.) As such, those claims were groundless and without foundation. The court denied summary judgment as to plaintiff's other four claims, that is plaintiff's as-applied challenge to the Policy and claims against individual defendants under the Free Speech and Free Exercise clauses. (Id. at 24.) For those claims, information not on the record prior to trial emerged through direct and cross-examination of witnesses, which permitted the court to grant defendants' Rule 50(a) motion on the basis of qualified immunity. Thus, the claims were clearly not frivolous.

Defendants' motion is GRANTED as to plaintiff's facial challenge to the Policy and Ordinance based upon the Free Speech and Free Exercise clauses and DENIED as to plaintiff's as-applied challenge to the Policy and claims against individual defendants under the Free Speech and Free Exercise clauses. Because defendants are only entitled to the portion of fees that they would not have paid but for the frivolous claims, see NEXUS, 2018 WL 1461750, at *16, defendants are hereby ORDERED to file an accounting providing a fair estimate of such

cost by 4 March 2020 at 9:00 am. Plaintiff may file any reply thereto within 21 days.

This 11 February 2020.

_____
W. Earl Britt
Senior U.S. District Judge